J-S10009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE ALLEN SMITH | |
| Appellant | No. 1610 EDA 2015 |

Appeal from the PCRA Order May 11, 2015
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000467-2008

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JANUARY 06, 2016**

Appellant, Wayne Allen Smith, appeals *pro se* from the Pike County Court of Common Pleas order that dismissed his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On July 19, 2010, a jury convicted Appellant of three counts each of possession with intent to deliver ("PWID") and criminal use of a communication facility, and one count of criminal conspiracy.  On September 9, 2010, the court sentenced Appellant to an aggregate term of ten to twenty years' imprisonment.  This Court affirmed Appellant's judgment of sentence on August 15, 2011.  **See Commonwealth v. Smith**, 32 A.3d 833 (Pa.Super. 2011).  Appellant sought no further review.  In 2012, Appellant filed and litigated his first PCRA petition without success.  This Court affirmed that

_____

*Retired Senior Judge assigned to the Superior Court.

decision on July 3, 2013. **See Commonwealth v. Smith**, 82 A.3d 1055 (Pa.Super. 2013). Appellant *pro se* filed his second, current PCRA petition on September 18, 2013, and a supplemental petition on September 20, 2013. The court appointed counsel. On September 24, 2014, appointed counsel filed a motion to withdraw and a **Turner/Finley** "no merit" letter.[1] That same day, the court issued Pa.R.Crim.P. 907 notice, and Appellant responded on October 8, 2014. The court allowed appointed counsel to withdraw and dismissed Appellant's petition on May 11, 2015. On June 2, 2015, Appellant timely filed a *pro se* notice of appeal. The court ordered Appellant to file a Rule 1925(b) statement, and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions allow for very limited circumstances to excuse the late filing of a petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must also file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Under the "new facts" exception to the PCRA's timeliness requirements, the petitioner must plead and prove: "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Instantly, Appellant's judgment of sentence became final on September 14, 2011, upon expiration of the time to file an appeal to the Pennsylvania Supreme Court. *See* Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on September 18, 2013, over two years after his judgment of sentence became final, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Here, Appellant's claims of ineffective assistance of PCRA counsel cannot serve to invoke the "new facts" exception to the PCRA's timeliness requirements. *See Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007) (stating generally that allegations of PCRA counsel's ineffectiveness do not invoke "new fact" exception to PCRA's time-bar). Thus, Appellant's petition remains time-barred.[2] Accordingly, we affirm.

Order affirmed.

---

[2] To the extent Appellant attempts to assert the "new constitutional right" exception to the PCRA time-bar, based on the decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), this claim warrants no relief in this case. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*) (explaining *Alleyne* applies only to criminal cases still pending on direct review); *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding *Alleyne* did not announce new constitutional right that has been held to apply retroactively, to satisfy PCRA's time-bar exception).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2016